IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUNICE MAE VERONICA CHIWEWE, as Personal
Representative in the Estate of ROXANNE CRYSTAL
JIRON, a deceased minor, EUNICE MAE VERONICA
CHIWEWE, as Personal Representative in the Estate of
IVAN B. CHIWEWE, deceased, EUNICE MAE VERONICA
CHIWEWE, individually, JUAN CRESCENCIO JIRON,
ELI CHIWEWE, and CALVIN R. LUCERO,

     Plaintiffs,

vs.                                                                           Civ. No. 02-0397 JP/LFG-ACE

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,
AMTRAK, ROBERT H. WILBUR, DAVID
SCHUTE, A. NABE, WYMAN L. SCHENK,
JOHN DOE 1, and JOHN DOE 2,

     Defendants.

## MEMORANDUM OPINION AND ORDER

On May 7, 2002, the Plaintiffs filed Plaintiffs' Motion to Remand (Doc. No. 5). Having reviewed the briefs and relevant law, I find that the motion to remand should be denied.

A. Background

This lawsuit is based on the death of Roxanne Crystal Jiron, a minor. On March 14, 1999, certain relatives of Ms. Jiron witnessed an Amtrak train hit and kill Ms. Jiron as the train crossed a bridge on the Isleta Pueblo reservation in Bernalillo County, State of New Mexico. The bridge was on a right-of-way owned by the Burlington Northern and Santa Fe Railway Company (BNSF).

The Plaintiffs (residents of Isleta Pueblo) brought suit in state court. They sued BNSF (a Delaware corporation with its principal place of business in Texas), Amtrak (a Washington, D.C.

corporation with its principal place of business in Washington, D.C.), various Amtrak employees (Defendants Robert Wilbur, David Schut-misnamed "Schute" in the complaint, A. Naeb-misnamed "Nabe" in the complaint, and Wyman Schenk, all residents of Bernalillo County), and two John Does. The Plaintiffs allege the following claims in their complaint: wrongful death, negligent infliction of emotional distress, and loss of consortium of a child. The Plaintiffs also simultaneously filed a parallel lawsuit in Isleta Tribal Court which added a petition for declaratory judgment asking for a determination that the Isleta Tribal Court has tribal jurisdiction in that case.

On April 8, 2002, the Defendant filed a Notice of Removal (Doc. No. 1). The bases for removal were federal question jurisdiction over the claims against Amtrak; supplemental jurisdiction over the claims against the Amtrak employees, BNSF, and presumably, the John Does; and diversity jurisdiction. In addition to these bases of federal jurisdiction, the Defendants argue in their response to the motion to remand that federal preemption provides federal jurisdiction.

On August 15, 2002, the Court issued a preliminary injunction (Doc. No. 30) restraining the Plaintiffs from pursuing their tribal lawsuit for lack of tribal jurisdiction. The Court further entered an order to show cause why the preliminary injunction should not be made permanent. *Id*.

B. Discussion[1]

The Plaintiffs argue that a remand is necessary for several reasons. First, the Plaintiffs argue that there is no federal question jurisdiction over the claims against Amtrak. Second, the

---

[1] The Defendants note as a preliminary matter that the Plaintiffs failed to submit a memorandum in support of their motion to remand as required by D.N.M. LR-Cv 7.5(a). D.N.M. LR-Cv 7.5(a) currently states that "[a] motion ... must cite authority in support of the legal positions advanced. Movant's authority may be submitted in a separate brief...." Plaintiffs' motion alone is sufficient to meet the requirements of D.N.M. LR-Cv 7.5(a).

Plaintiffs argue that the Court should not exercise supplemental jurisdiction over the claims against the Amtrak employees, BNSF, and the John Does. Third, the Plaintiffs argue that there is no diversity jurisdiction. Fourth, the Plaintiffs argue that this Court cannot hear a lawsuit which is subject to tribal jurisdiction. Fifth, the Plaintiffs argue that there is no federal preemption in this case.

1. Federal Question Jurisdiction Over the Claims Against Amtrak

The Defendants contend that 28 U.S.C. §1349 provides federal question jurisdiction over the claims against Amtrak. Section 1349 states that

> [t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

"Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak." *Hollus v. Amtrak Northeast Corridor*, 937 F.Supp. 1110, 1113 (D.N.J. 1996), *aff'd by* 118 F.3d 1575 (3d Cir. 1997). *See, e.g., National R. R. Passenger Corp. v. Rountree Transport and Rigging, Inc.*, 286 F.3d 1233, 1259 n.25 (11th Cir. 2002)("It is true that, because Amtrak is a federally chartered corporation that meets the requirements of 28 U.S.C. §1349, federal question jurisdiction is proper"); *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002)(citing *Hollus*); *Southeastern Pennsylvania Transp. Authority v. Pennsylvania Public Utility Com'n*, ___ F.Supp.2d ___, 2002 WL 1485267 *35 n.30 (E.D. Pa. 2002)("federal statutory law confers federal jurisdiction on all actions brought by Amtrak under 28 U.S.C. §1349."). Clearly, there is federal subject matter jurisdiction over the claims against Amtrak.

3

2. Supplemental Jurisdiction Over the Claims Against the Amtrak Employees, BNSF, and the John Does

The Defendants argue that since there is federal subject matter jurisdiction over the claims against Amtrak, the Court should exercise supplemental jurisdiction over the claims against the Amtrak employees, BNSF and the John Does. 28 U.S.C. §1367(a) states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Plaintiffs argue, however, that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367(c). Section 1367(c) provides in pertinent part that

> the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, ...
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Plaintiffs specifically argue that exercising supplemental jurisdiction in this case is unwarranted for the following reasons:

> F. The allegations and causes of action brought by the plaintiffs present novel issues in tribal law.
> G. The claims against Amtrak, based upon plaintiffs [sic] current information and belief, is a minor part of plaintiffs' claims, and all other claims are substantially predominate over the Amtrak claim, which the defendants purport created federal jurisdiction.
> H. This case presents exceptional issues and circumstances which dictate adjudication by the tribal or state court, pending the declaratory judgment ruling.

Plaintiffs' Motion to Remand at unnumbered pg. 3.

"Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts." *United Intern. Holdings, Inc. v. Wharf (Holdings), Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000). All of the claims alleged in this lawsuit arise from a common nucleus of facts, namely from the train accident which killed Roxanne Crystal Jiron. Consequently, the claims against the Amtrak employees, BNSF, and the John Does are subject to supplemental jurisdiction under §1367(a).

The reasons the Plaintiffs present to the Court for not exercising supplemental jurisdiction are without merit. First, §1367(c)(1) applies to "a novel or complex issue of State law," not tribal law. Second, even if §1367(c)(1) is applicable to tribal law, the Plaintiffs do not explain what the novel tribal law issue is. Third, the factual allegations in the complaint do not support the Plaintiffs' argument that the claims against Amtrak are minor. Fourth, and finally, the Plaintiffs fail to explain why this case presents exceptional issues and circumstances requiring a remand. In sum, the Court will at this time retain supplemental jurisdiction over the claims against the Amtrak employees, BNSF, and the John Does. However, if the Court later dismisses all of the claims against Amtrak, it can then decide under §1367(c)(3) whether to continue to exercise supplemental jurisdiction over the remaining claims. *See, e.g., Lozano v. Stamp*, 2001 WL 775525 *5 (E.D. La. 2001)(if the remaining claims do not provide federal jurisdiction, the court must decide whether to exercise supplemental jurisdiction over those claims); *Giambalvo v. National R. R. Passenger Corp.*, 850 F.Supp. 166, 172 (E.D. N.Y. 1994)(having dismissed the claims against Amtrak, the court declined to exercise supplemental jurisdiction over the remaining state claims).

3. Diversity Jurisdiction

The Defendants also argue that this Court has diversity jurisdiction because the Amtrak employees are sham defendants included in the lawsuit to destroy diversity of citizenship.[2] According to the Defendants, the Plaintiffs can sue only Amtrak under the New Mexico Wrongful Death Act to recover for the alleged harm caused by the Amtrak employees. The Plaintiffs contend that aside from their claims under the Wrongful Death Act, they are bringing common law causes of actions against the Amtrak employees which are not subject to the Wrongful Death Act.

> NMSA §41-2-4 (1882) provides the following:
>
> Whenever any person shall die from any injury resulting from or occasioned by [,] the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive ... while in charge of the same as driver, ... the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad [or] locomotive ... at the time any injury is received resulting from or occasioned by any defect, insufficiency, negligence, unskillfulness or criminal intent above declared, shall be liable in damages compensatory and exemplary, for such sum as a jury may deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death ....

The Wrongful Death Act only applies to injuries resulting from the person's wrongful death. *Kilkenny v. Kenney*, 68 N.M. 266, 269, 361 P.2d 149, 151 (1961). Moreover, the Wrongful Death Act does not apply to common law remedies that existed prior to the enactment of the Wrongful Death Act and were not repealed by the Wrongful Death Act. *Id*. However, if the Wrongful Death Act is applicable, the Wrongful Death Act then provides an exclusive remedy. *Romero v. Byers*, 117 N.M. 422, 427, 872 P.2d 840, 877 (1994); *Tilly v. Flippin*, 237 F.2d 364,

---

[2]The Plaintiffs concede that the amount in controversy exceeds $75,000.

366 (10th Cir. 1956).

In addition to the wrongful death claim, the Plaintiffs bring a negligent infliction of emotional distress claim based on Plaintiffs Mae Chiwewe, Eli Chiwewe, Calvin Lucero, and Ivan Chiwewe witnessing the train hit Ms. Jiron and observing Ms. Jiron dying at the scene of the accident. This claim does not arise from the death of Ms. Jiron but rather from the events leading up to her death. Under these circumstances, the Wrongful Death Act is not an exclusive remedy and the Plaintiffs are entitled to bring the negligent infliction of emotional distress claim against the Amtrak employees. The Amtrak employees are, therefore, not sham defendants with respect to the negligent infliction of emotional distress claim. The Amtrak employees necessarily destroy diversity jurisdiction in this case.[3]

4. Tribal Jurisdiction

The Plaintiffs argue that a remand is appropriate because there is tribal jurisdiction in the parallel tribal case. That argument is without merit. The Court has previously found that the Isleta Tribal Court does not have tribal jurisdiction in this case. Memorandum Opinion and Order (Doc. No. 29), filed Aug. 15, 2002.

5. Federal Preemption

The Defendants also argue that the Plaintiffs' claims are preempted by federal law which sets the maximum allowable speed of trains. *See CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 676 (1993). The Plaintiffs indicate in their reply brief that they are not alleging excessive speed.

---

[3]The Plaintiffs further bring a claim of loss of consortium of a child. Unlike the negligent infliction of emotional distress claim, the loss of consortium claim arises as a result of the death of Ms. Jiron. Accordingly, this claim can only be brought against Amtrak under the Wrongful Death Act. The Amtrak employees cannot be sued for the loss of consortium claim.

The Defendants' preemption argument is, therefore, not applicable to this case.

IT IS ORDERED that Plaintiffs' Motion to Remand (Doc. No. 5) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE